U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
FEB 10 2014
CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 4:13-CV-848-A |
| | § | (NO. 4:10-CR-068-A) |
| ADRIAN JIMINEZ-GARCIA | § | |

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of Adrian Jiminez-Garcia ("movant") pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Having reviewed the motion, the record, the government's response, movant's reply, and applicable legal authorities, the court concludes that the motion should be denied.

I.

Background

On May 20, 2010, movant pleaded guilty, pursuant to a plea agreement, to bank robbery in violation of 18 U.S.C. § 2113(a). On September 17, 2010, the court sentenced movant to a term of imprisonment of 240 months. Movant appealed, and the Fifth Circuit Court of Appeals affirmed movant's sentence, and certiorari review was denied. Movant timely filed his § 2255 motion on October 15, 2013.

II.

## Grounds of the Motion

Movant identified three grounds for relief in his motion: (1) movant's counsel was ineffective for failing to object to the application of USSG § 3D1.4 and the resulting six-level increase to movant's sentence under the guidelines; (2) movant's counsel was ineffective for failing to object to the firearm enhancement under USSG § 2B3.1(b)(2)(C) and the resulting six-level increase to movant's sentence; and (3) movant's counsel was ineffective for failing to object to the enhancement for uncharged offense conduct and the resulting three-level enhancement to movant's sentence.

III.

## Analysis

A. <u>Legal Standard for 28 U.S.C. § 2255</u>

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. <u>United States v. Frady</u>, 456 U.S. 152, 164 (1982); <u>United States v. Shaid</u>, 937 F.2d 228, 231-32 (5th Cir. 1991), <u>cert. denied</u>, 502 U.S. 1076 (1992). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral

review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974).

B. **Movant's Ineffective Assistance of Counsel Claims have no merit**

To prevail on an ineffective assistance of counsel claim, movant must show (1) that counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984). Both prongs of the Strickland test must be met to demonstrate ineffective assistance. Id. at 697. Further, "[a] court need not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one." United States

3

v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 131 S. Ct. 770, 792 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011) (quoting Strickland, 466 U.S. at 686)). Judicial scrutiny of this type of claim must be highly deferential, and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689.

1. First Claim

In movant's first ground for relief, movant contends that his counsel was ineffective for failing to object to the application of USSG § 3D1.4, which he says resulted in a six-level enhancement to his sentence; movant claims that the maximum increase allowed was only five levels. However, a review of the record shows that movant did not receive a six-level increase for multiple counts under USSG § 3D1.4. Rather, the court assigned a two-level increase, one each for Count 1, the count of conviction, and Count 2, the stipulated offense count. Thus, movant's counsel could not have made the objection urged by

4

movant. It is well-settled that the failure to make a meritless or frivolous objection cannot constitute ineffective assistance of counsel. See Turner v. Quarterman, 481 F.3d 292, 298 (5th Cir. 2007); Green v. Johnson, 160 F.3d 1029, 1037 (5th Cir. 1998). Therefore, movant's first ground for relief is without merit.

2. Second Claim

Movant next claims that his counsel was ineffective for failing to object to a firearm enhancement under USSG § 2B3.1(b)(2)(C) and the resulting six-level enhancement to his sentence. Movant contends that a three-level enhancement was in effect at the time the offense occurred. A review of the record reveals that the court applied a four-level enhancement to Count 1 because of the use of a dangerous weapon, and a six-level enhancement to Count 2 for use of a firearm. Movant's counsel had successfully objected to a six-level firearm increase as to Count 1 because movant used a BB gun in the commission of that offense. However, movant has shown no legitimate basis for an objection to the application of the six-level enhancement to Count 2 under USSG § 2B3.1(b)(2)(C). The record shows that movant and his co-defendant did use real firearms in the commission of the offense under Count 2, and the court can find no basis for movant's claim that a three-level enhancement was in

effect at the time the offense occurred. Movant's counsel could not have been ineffective for failing to make such a frivolous and meritless objection. See Turner, 481 F.3d at 298; Green, 160 F.3d at 1037. Therefore, movant's second ground for relief has no merit.

3. Third Claim

Movant's final contention is that his counsel was ineffective for not objecting to a three-level enhancement for uncharged offense conduct. Assuming that movant is referring to the court's use of movant's four uncharged armed robberies, the court specifically stated at movant's sentencing hearing that those uncharged robberies did not enter into the determination of the applicable advisory guideline range. Therefore, there was no three-level enhancement to which movant's counsel could have objected.

However, the court did consider movant's conduct during the uncharged robberies in determining that a variance above the advisory guideline range was warranted. Even if movant is claiming that his counsel should have objected to the use of the uncharged conduct for that purpose, movant has not shown that he was prejudiced by his counsel's failure to object. The court stated at the sentencing hearing that it found movant's history and characteristics "very disturbing," including movant's threats

6

to kill or harm his co-offenders and their family members if they provided information about movant's involvement. Movant has not shown a substantial likelihood of a different result at sentencing had his counsel objected in the way movant suggests. Accordingly, movant has failed to demonstrate that his attorney was ineffective, and this claim must fail.

C. <u>Evidentiary Hearing</u>

In his reply to the government's response, movant requests that the court hold an evidentiary hearing on his motion. However, movant has failed to established any basis for granting such a hearing. The motions, files, and records of this case conclusively establish that movant is entitled to no relief; therefore, the court is denying movant's request for a hearing. <u>See</u> <u>United States v. Reed</u>, 719 F.3d 369, 373 (5th Cir. 2013) ("A motion brought under 28 U.S.C. § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief.") (quoting <u>United States v. Bartholomew</u>, 974 F.2d 39, 41 (5th Cir.1992) (per curiam))) (internal quotation marks omitted).

IV.

Order

Therefore,

The court ORDERS that the motion of Adrian Jiminez-Garcia to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED February 10, 2014.

_____
JOHN McBRYDE
United States District Judge